IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TIFFANY HENDRICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-CV-154-NJR-SCW** |
| | ) | |
| **THE ARCADES CENTRE, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

Defendant is a limited liability company ("LLC"), and the citizenship of an LLC for diversity purposes is the citizenship of each of its members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Here, the Notice of Removal simply alleges that "All LLC Members of Defendant are citizens of the State of Missouri" (Doc. 1). This conclusory allegation is

insufficient for the Court to determine whether diversity jurisdiction exists. Defendant must identify each member of the LLC and specifically plead the citizenship of each member. *See Thomas*, 487 F.3d at 534; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002).

Additionally, Defendant relies on the allegations in Plaintiff's Complaint to establish that the $75,000 threshold required by § 1332(a) is met. In the Complaint, however, Plaintiff seeks damages in excess of $50,000, but states no specific damages amount. Defendant asserts, without any explanation or evidentiary support, that Plaintiff's damages will exceed $75,000.  The Court finds that the Complaint does not fairly and clearly demonstrate that the amount-in-controversy requirement of § 1332 has been met.  Thus, the Court directs Defendant to demonstrate competent proof that the jurisdictional threshold has been met. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."); *see also Morales v. Menard, Inc.*, No. 12-CV-9082, 2014 WL 1364996, at *1 (N.D. Ill. Apr. 7, 2014) ("The party seeking federal jurisdiction bears the burden to prove that the amount-in-controversy requirement of § 1332 has been met and that this Court has jurisdiction").

Accordingly, Defendant is **ORDERED** to file an Amended Notice of Removal within 21 days of the date of this Order **(on or before May 27, 2015),** which clearly sets forth all of the information needed to determine whether jurisdiction lies in this Court. If Defendant fails to file an Amended Notice of Removal in the manner and time

prescribed or if, after reviewing it, the Court finds that Defendant cannot establish subject matter jurisdiction, the Court will remand the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996).

      **IT IS SO ORDERED.**

      **DATED:  May 6, 2015**

                                     **s/ Nancy J. Rosenstengel**_____
                                     **NANCY J. ROSENSTENGEL**
                                     **United States District Judge**